Benjamin N. Simler (SBN 273778)
bnsimler@hollandhart.com
Holland & Hart LLP
555 17th Street, Suite 3200
Denver, Colorado 80202
Telephone: 303-295-8000
Facsimile: 303-295-8261

*Attorneys for Plaintiff Piehole Enterprises, LLC*

# UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF CALIFORNIA
### WESTERN DIVISION

| | |
|---|---|
| Piehole Enterprises, LLC,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>The Pie Hole, LLC,<br><br>　　　　Defendant. | Case No.<br><br>**COMPLAINT FOR:**<br><br>**(1) TRADEMARK INFRINGEMENT**<br>**(2) FALSE DESIGNATION OF ORIGIN; and**<br>**(3) UNFAIR COMPETITION**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff Piehole Enterprises, LLC ("Piehole"), by and through its attorneys Holland & Hart LLP, hereby submits its Complaint against Defendant The Pie Hole, LLC ("TPH") as follows:

## INTRODUCTION

This is an action for trademark infringement, false designation of origin, unfair competition, and related claims, arising out of TPH's infringement of Piehole's incontestable, federally-registered PIE HOLE trademark to sell competing restaurant, bar, and take-out services. Piehole seeks injunctive relief, damages, disgorgement of profits, attorneys' fees, and other relief for trademark infringement and unfair competition under the Lanham Act, 15 U.S.C. §§ 1051 *et seq.*, and California state law.

1

## PARTIES

1. Plaintiff Piehole is a an Idaho limited liability company with its principal place of business in Boise, Idaho.

2. Defendant TPH is a California corporation with a principal place of business at 8118 Irvine Ave, North Hollywood, California 91605.

## JURISDICTION AND VENUE

3. This action arises under the Lanham Act, 15 U.S.C. § 1051 et seq., and supplemental state law. This Court has subject matter jurisdiction pursuant to 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331 and 1338; and supplemental jurisdiction over Piehole's state law claims pursuant to 28 U.S.C. § 1367.

4. This Court has personal jurisdiction over TPH because TPH is incorporated and registered to do business in California, has its principal place of business in California, has committed tortious acts of infringement within California, and transacts business within California, and this action arises, in part, from TPH's infringing conduct within California.

5. Venue properly lies in this judicial district pursuant to 28 U.S.C. § 1391 because a substantial part the events giving rise to the claims occurred within the Central District of the State of California.

## GENERAL ALLEGATIONS

### Piehole's Launch and Use of its PIE HOLE® Trademark

6. Since as early as 2005, Piehole and its predecessor have provided restaurant, bar, and take-out services featuring pizza under the trademark PIE HOLE in multiple locations in numerous states, including Idaho, Colorado, and Utah.

7. Piehole operates restaurant, bar, catering, and take-out services, including selling pizzas and desserts, such as cookies and dessert pizza pies, and related apparel items.

8. Piehole's PIE HOLE trademark is the subject of an incontestable federal registration (No. 3820931) ("Piehole's Registration") covering "restaurant and bar services featuring pizza; take-out restaurant services featuring pizza." A copy of Piehole's Registration is filed herewith as Exhibit 1.

9. Piehole's Registration is valid and subsisting and therefore constitutes conclusive evidence of the validity of the PIE HOLE mark and Piehole's Registration, and of Piehole's exclusive nationwide right to use the PIE HOLE mark.

10. Piehole's Registration also provides constructive notice of Piehole's ownership of the PIE HOLE mark.

11. In addition to Piehole's Registration, Piehole (either directly or through its licensees or predecessors-in-interest) has made actual use in commerce of the PIE HOLE mark in connection with the products and services described herein, and thus possesses common law trademark rights to the PIE HOLE mark.

12. Taken together, Piehole's common law rights and the rights conferred by Piehole's Registration are referred to as the "PIE HOLE Mark."

**TPH and its Unlawful Use of THE PIE HOLE**

13. On June 11, 2014, TPH filed an application (Serial No. 86306890) seeking to register the mark THE PIE HOLE for use in connection with "retail bakery shops; franchising, namely, offering business management assistance in the establishment and/or operation of retail bakery shops" (the "TPH Application").

14. TPH's Application drew an initial refusal from the Unites States Patent and Trademark Office ("USPTO") on grounds that TPH's mark was likely to be confused with Piehole's Registration.

15. TPH overcame the refusal by arguing, among other things, that TPH's "retail bakery services" are "unrelated to restaurant services (and take-out services)."

16. Contrary to TPH's representations to the Unites States Patent and Trademark Office, TPH's services are related to and compete with Piehole's services.

17. TPH is providing restaurant and take-out services under the mark "THE PIE HOLE."

18. TPH sells food items under TPH's THE PIE HOLE mark that are related to and compete with food items sold and restaurant and related services provided by Piehole under Piehole's PIE HOLE Mark.

19. TPH also recently announced it is "expanding throughout North America and in select global markets," as part of a campaign "focusing [its] franchise expansion … Across the United States." *See* Exhibit 2.

20. TPH's franchise operations focus on the "fast casual" restaurant market, including in "a traditional, fast casual footprint," and serves the "Breakfast / Lunch / Dinner," "Dessert / Snack Time," "Late Night," "Coffee," and "Catering" restaurant market segments. *See* Exhibits 3, 4.

21. TPH does not operate strictly retail bakery locations selling pre-made bakery items. Instead, TPH locations sell made-to-order food and beverage items in fast-casual restaurant settings, including seating areas, counter-side menu ordering and pickup, and on-site food and beverage preparation both for dine-in and take-out dining, and which TPH markets as being more than just retail locations, but as "local gathering spot[s] in any neighborhood [it] enter[s]." *See* Exhibit 4. TPH also promotes online and telephone ordering for pickup and delivery service, and, on information and belief, also sells apparel items using the PIE HOLE Mark.

4

22. At no time has Piehole given permission or license to TPH to use the PIE HOLE Mark.

23. Piehole opposed the TPH Application (Opp. No. 91227353) and, for several months, has attempted to negotiate an amicable resolution, to no avail. TPH has not withdrawn the TPH Application and has not ceased its infringing activities.

24. TPH's continued infringement has been willful and in conscious disregard of Piehole's rights in the PIE HOLE Mark, and demonstrates an intent to wrongfully profit from and trade off of Piehole's valuable goodwill and reputation in the PIE HOLE Mark.

## FIRST CLAIM FOR RELIEF

### (Trademark Infringement in Violation of 15 U.S.C. § 1114)

25. Piehole incorporates the preceding paragraphs as though set forth fully herein.

26. Piehole owns a valid federal registration for the PIE HOLE Mark for restaurant, bar, and take-out services and products.

27. Plaintiff's incontestable registration in the PIE HOLE Mark constitutes conclusive evidence of the validity of Piehole's trademark rights and of Piehole's exclusive right to use the PIE HOLE Mark in commerce.

28. TPH's deliberate and unauthorized use of the term PIE HOLE as a trademark in connection with its marketing and sale of competing products and services constitutes willful trademark infringement in violation of § 32 of the Lanham Act, 15 U.S.C. § 1114, because such use is likely to cause confusion or mistake as to the source, affiliation, connection, or association of TPH's "THE PIE HOLE" restaurant services and Piehole, or as to the origin, sponsorship, or approval of TPH's THE PIE HOLE products and services; or to cause

consumers to believe, incorrectly, that TPH is the senior use of the PIE HOLE Mark and that Piehole is improperly using, copying, or infringing TPH's mark.

29. By reason of TPH's acts as alleged above, Piehole has suffered and will continue to suffer irreparable harm to the value and goodwill of its PIE HOLE Mark, as well as irreparable harm to Piehole's business, goodwill, and reputation. Unless enjoined, TPH's unlawful conduct will continue, further injuring Piehole and confusing the public.

30. On information and belief, TPH has received substantial revenues and profits as a result of its unlawful conduct, to which TPH is not entitled, and Piehole has also suffered damages as a result of such unlawful conduct, for which TPH is responsible.

31. Therefore, Piehole demands judgment against TPH as set forth below.

## SECOND CLAIM FOR RELIEF

**(Common Law Trademark Infringement, False Designation of Origin, and Unfair Competition in Violation of 15 U.S.C. § 1125(a))**

32. Piehole incorporates the preceding paragraphs as though set forth fully herein.

33. Piehole's PIE HOLE Mark is inherently distinctive among the relevant trade and public as identifying Piehole's restaurant, bar, and take-out services and products.

34. TPH's deliberate and unauthorized use of THE PIE HOLE in connection with its competing restaurant products and services constitutes trademark infringement, unfair competition, and false designation of origin in willful violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a), because such use is likely to cause confusion or mistake, or to deceive consumers as to the affiliation, connection, association of TPH's THE PIE

HOLE products and services with Piehole, or as to the origin, sponsorship, or approval of TPH's products and services by Piehole; or to cause consumers to believe, incorrectly, that TPH is the senior use of the PIE HOLE Mark and that Piehole is improperly using, copying, or infringing TPH's mark.

35. By reason of TPH's acts as alleged above, Piehole has suffered and will continue to irreparable harm to the value and goodwill of Piehole's PIE HOLE Mark, as well as irreparable harm to Piehole's business, goodwill, and reputation. Unless enjoined, TPH's unlawful conduct will continue, further injuring Piehole and confusing the public.

36. On information and belief, TPH has received substantial revenues and profits as a result of its unlawful conduct, to which TPH is not entitled, and Piehole has also suffered damages as a result of such unlawful conduct, for which TPH is responsible.

37. Therefore, Piehole demands judgment against TPH as set forth below.

## THIRD CLAIM FOR RELIEF
### (Unfair Competition)

38. Piehole incorporates the preceding paragraphs as though set forth fully herein.

39. TPH's acts of trademark infringement and false designation of origin, complained of herein constitute unfair competition with Piehole under the common law and statutory laws of the State of California, particularly California Business & Professions Code § 17200, *et seq.*

40. TPH's conduct is unfair because it allows TPH to benefit unjustly by virtue of the goodwill and positive reputation associated with Piehole and its PIE HOLE Mark and goods and services. TPH has intentionally violated, and

continues to violate, Piehole's rights in the PIE HOLE Mark and related commercial benefits.

41.    TPH is willfully and deliberately misleading the public by using in commerce reproductions, counterfeits, copies and/or colorable imitations of Piehole's incontestable and federally registered PIE HOLE Mark. This conduct is likely to confuse the public as to whether TPH's goods and services are somehow related to, or approved or sponsored by, Piehole or vice versa; or that TPH is the senior use of the PIE HOLE mark and that Piehole is improperly using, copying, or infringing TPH's mark.

42.    Piehole and the public have been, and continue to be, irreparably damaged by violation of California common law and statutory law, and Piehole has no adequate remedy at law. Unless enjoined, TPH's unlawful conduct will continue, further injuring Piehole and confusing the public.

43.    On information and belief, and as a direct, proximate, and foreseeable result of TPH's wrongful conduct, TPH has derived and received, and will continue to derive and receive, gains, profits and advantages from TPH's unfair competition in an amount that is not presently known to Piehole. By reason of TPH's wrongful acts as alleged in this Complaint, Piehole has been damaged and is entitled to monetary relief in an amount to be determined at trial.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Piehole requests that the Court enter judgment in its favor as follows:

(A)    Granting temporary, preliminary, and permanent injunctive relief enjoining TPH and each of its affiliates, subsidiaries, officers, directors, agents, servants, and employees, and all others aiding, abetting, or acting in concert therewith, from:

    (i) using or seeking to register PIE HOLE or THE PIE HOLE, or any other mark confusingly similar thereto, in connection with the promotion, sale, or offer of sale of food and beverages related goods or services, including restaurant services;

    (ii) otherwise competing unfairly or committing any acts likely to confuse the public into believing that TPH or any of TPH's products are associated, affiliated or sponsored by Piehole or are authorized by Piehole, in whole or in part, in any way;

  (B) Ordering that TPH account for and pay to Piehole any and all profits TPH has received by its conduct alleged herein;

  (C) Awarding to Piehole any and all damages and losses suffered by Piehole as a result of TPH's conduct as set forth herein, and trebled pursuant to 15 U.S.C. § 1117 and applicable state law;

  (D) Awarding to Piehole the costs of this action and its reasonable attorneys' fee and costs, pursuant to 15 U.S.C. § 1117 and applicable state law;

  (E) Awarding to Piehole pre-judgment and post-judgment interest on all damages recovered by or awarded to it;

  (F) Ordering the USPTO to finally refuse registration of the TPH Application pursuant to 15 U.S.C. § 1119;

  (G) Ordering TPH to file with the Court and serve on Piehole's counsel a report setting forth the manner and form of their compliance with the Court's orders;

  (H) Granting such other and further relief as the Court deems just, equitable, and appropriate.

**JURY DEMAND**

Plaintiff Piehole demands a trial by jury of all issues so triable.

Respectfully submitted this 10th day of October, 2016.

        HOLLAND & HART LLP
        */s/ Benjamin N. Simler*
        Benjamin N. Simler (SBN 273778)
        555 17th Street, Suite 3200
        Denver, Colorado 80202
        Phone: (303) 295-8000
        Fax: 303-295-8261
        bnsimler@hollandhart.com

        *Attorneys for Piehole Enterprises, LLC*

9145810_5